UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOSE LARA ESTRADA; HILDA RIVAS-QUINTERO, | | |
| Petitioners, | | 3:06-cv-0694-BES-RAM |
| vs. | | **ORDER** |
| MICHAEL CHERTOFF, *et al.*, | | |
| Respondents. | | |

Introduction

This action is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, regarding an immigration matter. The petitioners, husband and wife, seek to revive their rights to appeal a final administrative order of removal.

The Court, fully apprised of the premises, and good cause appearing, will grant petitioners a writ of habeas corpus, and direct the Board of Immigration Appeals (BIA) to reissue the order of removal, such that petitioners have an opportunity to initiate a timely appeal.

Background Facts

Petitioners are natives and citizens of Mexico, who entered the United States, without inspection, in 1988 and 1989. Application for Writ of Habeas Corpus (Petition) (docket #1), p. 3. In 2000, removal proceedings were initiated against petitioners, and a hearing was

conducted before an Immigration Judge (IJ) in 2005. *Id*. At the conclusion of the hearing, the IJ denied petitioners' claims for relief from the proposed removal. *Id*.

Petitioners thereafter sought review of the IJ's decision through a timely appeal to the BIA. *Id*. The BIA affirmed the decision of the IJ. *Id*. at 4. Following the adverse ruling by the BIA, petitioners retained counsel to file a petition for review with Ninth Circuit Court of Appeals. *Id*. However, counsel filed the petition for review one day late in the Court of Appeals, and it was, as a result, dismissed on December 6, 2006. *Id*.

On December 15, 2006, petitioners filed his Application for Writ of Habeas Corpus (docket #1), initiating this action. Respondents filed an Answer (docket #3) on January 16, 2007. On January 29, 2007, petitioners filed an "Opposition to Respondents' Response to Application for Writ of Habeas Corpus Seeking Dismissal" (Reply) (docket #4).

On February 21, 2007, respondents filed a Notice of Additional Authorities (docket #5). On February 23, 2007, petitioners filed a response to that Notice of Additional Authorities (docket #6).

On March 21, 2007, petitioners filed a Notice of Ruling in a Related Case (docket #7), giving notice that this Court had ruled – and had granted a writ of habeas corpus – in a somewhat similar case, involving another petition for review, filed late by the same attorney. The related case is *Martinez v. Chertoff*, 3:06-cv-0672-BES-VPC.

On April 5, 2007, respondents filed a "Supplemental Response to Application for Writ of Habeas Corpus and Motion to Dismiss Application" (Supplemental Response and Motion to Dismiss) (docket #8). On April 8, 2007, petitioners filed an opposition to the Supplemental Response and Motion to Dismiss (docket #9). On April 23, 2007, respondents filed a reply in support of their Supplemental Response and Motion to Dismiss (docket #10).

*///*

*///*

On July 23, 2007, respondents filed a second Notice of Additional Authority (docket #12). Petitioners filed a response to respondents' second Notice of Additional Authority (docket #13) on July 25, 2007.

On September 10, 2007, petitioners filed a Notice of Additional Authority (docket #15).

The Court has examined all of the extensive briefing and the authorities submitted by the parties, and rules as follows.

Analysis

A.   Exhaustion of Administrative Remedies

Respondents argue that petitioners failed to exhaust their available administrative remedies because they did not make a request to the BIA to reissue the order of removal.

A petitioner seeking habeas corpus relief under section 2241 is required to first exhaust administrative remedies. *United States v. Pirro*, 103 F.3d 297, 299 (9th Cir. 1997). However, it is not necessary that such a petitioner seek relief through discretionary avenues, such as the motion to reopen the BIA action that respondents appear to contemplate here. *See Castro-Cortez v. INS*, 972 F.2d 1017, 1023-24 (9th Cir. 1992).

B.   Custody

Next, respondents argue that petitioners are not in custody, and is, therefore, not entitled to habeas corpus relief.

A petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, is available to a petitioner if he or she is in federal custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241. In certain circumstances, restraints short of physical confinement may be considered "custody" for purposes of the federal habeas corpus statutes. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004). A person subject to a final order of is considered to be in custody for purposes of habeas corpus. *Rosales v. ICE*, 426 F.3d 733,

///

1  734-36 (5th Cir. 2005); *Nakaranurack v. United States*, 68 F.3d 290, 293 (9th Cir. 1995); *Guti*
2  *v. INS*, 908 F.2d 495 (9th Cir. 1990).
3      C.    <u>REAL ID Act</u>
4      On May 11, 2005, the REAL ID Act of 2005 (Pub. L. No. 108-13, 119 Stat. 231) went
5  into effect.  The Act expanded the jurisdiction of the federal courts of appeal over judicial
6  review of final orders of removal, making "the circuit courts the 'sole' judicial body able to
7  review challenges to final orders of deportation, exclusion or removal." *Alvarez-Barajas v.*
8  *Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005).  Toward this end, the Act amended 8 U.S.C.
9  § 1252(a)(5), to read as follows:
10     (5) Exclusive means of review
11         Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision,
12         and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be
13         the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided
14         in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review,
15         the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas
16         corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).
17
18 8 U.S.C. § 1252(a)(5).  "To accomplish this streamlined judicial review," the Act eliminated
19 habeas jurisdiction, including jurisdiction under 28 U.S.C. § 2241, over petitions seeking
20 judicial review of final orders of deportation, exclusion, or removal. *Alvarez-Barajas*, 418 F.3d
21 at 1052.  The Act adopted the following express limitation on federal habeas jurisdiction:
22     (9) Consolidation of questions for judicial review
23         Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any
24         action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of
25         a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section
26         2241 of Title 28, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or

nonstatutory), to review such an order or such questions of law or fact. 8 U.S.C. § 1252(b)(9). Accordingly, the Act eliminated habeas jurisdiction, in favor of review in the circuit courts, over any habeas petition that seeks judicial review of any final order of removal as well as any petition seeking review of any questions of law and fact arising from any action taken or proceeding brought to remove an alien.

Here, petitioners seek reissuance of the BIA's order, so that he may pursue the sort of appeal contemplated by the REAL ID Act. This, the Court concludes, places this case outside the restrictions of the Act, for two reasons. First, petitioners' petition for review to the court of appeals is presently barred due to their counsel's failure to properly calendar a filing deadline. Second, this habeas petition does not seek review of the final order of dismissal; rather it seeks reinstatement of petitioners' right to seek review in the manner contemplated by the REAL ID Act. Under these circumstances, the Court concludes that the REAL ID Act does not preclude this Court's jurisdiction over this action. *See Singh v. Gonzales*, 499 F.3d 969, 977-80 (9th Cir. 2007); *Dearinger v. Volkova*, 232 F.3d 1042 (9th Cir. 2000).

D. <u>The Merits of the Habeas Petition</u>

In *Dearinger*, the court found ineffective assistance of counsel, resulting in a violation of the petitioner's right to due process of law, as grounds for issuance of a writ of habeas corpus directing the BIA to reissue its final order, recommencing the petitioner's time to appeal. The court noted that "while deprivation of direct review of a deportation proceeding in the Ninth Circuit may not violate the Constitution, there may still be a constitutional violation if there was ineffective assistance of counsel." *Dearinger*, 232 F.3d at 1046.

To show a due process violation under these circumstances, a petitioner must show "assistance [of counsel] that was so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause." *Id*. at 1045, citing *Magallanes-Damain v. INS*, 783 F.2d 931, 933 (9th Cir. 1986); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000). Where a petitioner is denied an appeal as of right due to the

5

ineffective assistance of counsel, prejudice is presumed. *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000) ("when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal").

In this case, petitioners filed their petition for review one day late because their counsel calendared the due date incorrectly. The petition was dismissed by the Ninth Circuit for lack of jurisdiction. Clearly, the error of counsel caused the dismissal of petitioners' appeal.

With respect to its facts, this case is essentially the same as *Dearinger*. As in *Dearinger*, petitioner received plainly ineffective assistance of counsel, resulting in forfeiture of his right to appeal the removal order. The Court will deny respondents' motion to dismiss, and will issue the writ of habeas corpus.

**IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss (docket #8) is **DENIED**.

**IT IS FURTHER ORDERED** that the Application for Writ of Habeas Corpus (docket #1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Board of Immigration Appeals shall, within **45 days** of entry of this order, reissue its decision in petitioners' removal proceedings.

**IT IS FURTHER ORDERED** that the Department of Homeland Security, Bureau of Immigration and Customs Enforcement, is hereby **ENJOINED** from deporting petitioners or otherwise acting upon the final order of removal until such time as petitioners have obtained review of the reissued BIA decision by the Ninth Circuit Court of Appeals, or the time for petitioning for such review has expired.

**IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT ACCORDINGLY**.

Dated this 21st day of March, 2008.

_____
UNITED STATES DISTRICT JUDGE